IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN JAY GRAY, | No. C 07-2607 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| MIKE EVANS, Warden, | |
| Defendants. | |

Plaintiff, an inmate of the Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff complains that officials at Salinas Valley State Prison have barred visits with his wife on grounds that he was involved in a spousal abuse incident in 1990. He contends that he was cleared of the charge, so it cannot be used to bar visitation.

Plaintiff sets out his claim by reference to a memorandum of points and authorities prepared by a lawyer and filed in state court, plus his own hand-written "Declaration of Facts." Neither of these present any contention that a federal constitutional right was violated.

In any event, the facts he alleges are not sufficient to state a claim.

Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).

---

[1] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957). *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp*, 127 S. Ct. at 1969.

Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *Id.* at 477-87. In the latter, and more common state law scenario, "real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

A prisoner's interest in unfettered visitation is not guaranteed by the Due Process Clause itself, *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989), but because California has created regulations from which a protected interest in visitation could arise, a court must also whether the regulations creating the right to participation in the program narrowly restrict the power of prison officials to deny inmates visitation, and whether the deprivation suffered due to a denial of visitation is one of "real substance." *See Sandin*, 515 U.S. at 477-87.

Looking at the regulatory language, California Code of Regulations title 15, section 3170.1 sets forth general substantive criteria which must be followed and circumstances under which visitation must be approved. However, section 3172.1(b) specifically provides that visitation may be discretionarily denied for reasons other than those set forth in the regulations and section 3170.1(c) states that visits are subject to denial or restriction as necessary to provide fair allocation of prison resources. This reservation of the right to allow and disallow visits "is not such that an inmate can reasonably form an objective expectation that a visit would necessarily be allowed absent the occurrence of one of the listed conditions." *See Thompson*, 490 U.S. at 464-65 (finding no protected liberty interest in Kentucky regulations). Because a visit may be denied regardless of compliance with substantive criteria, this language is not

3

sufficiently mandatory to meet the first prong of the *Sandin* test, and therefore no protected liberty interest requiring constitutional protection is created.

In addition, the right to freedom of association is among the rights least compatible with incarceration. *Overton v. Bazzetta*, 539 U. S. 126, 131 (2003). Thus the denial of visitation does not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 487. For these reasons, there is no constitutional right in visitation in California prisons. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (prisoner has no constitutional right to access to a particular visitor).

Plaintiff has failed to state a claim for federal relief that is plausible on its face. Because no amendment could remedy this, the complaint will be dismissed with prejudice.

## CONCLUSION

The case is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October  22 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\GRAY2607.DSM.wpd